09-2355-ag
Tian v. BIA

BIA
A073 556 441

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

## <u>SUMMARY ORDER</u>

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Daniel Patrick Moynihan United States Courthouse, 500 Pearl Street, in the City of New York, on the 27TH day of July, two thousand ten.

PRESENT:

> GUIDO CALABRESI,
> REENA RAGGI,
> RICHARD C. WESLEY,
>     *Circuit Judges.*

_____

DE SHENG TIAN,
        *Petitioner,*

        v.                                    09-2355-ag
                                              NAC

BOARD OF IMMIGRATION APPEALS,
        *Respondent.*

_____

FOR PETITIONER:          Thomas D. Barra, Forest Hills, New York.

FOR RESPONDENT:          Tony West, Assistant Attorney General, William Peachey, Assistant Director, Ada Bosque, Senior Litigation Counsel, Puneet Cheema, Law Clerk, Civil Division, Office of

**Immigration Litigation, United States Department of Justice, Washington, D.C.**

UPON DUE CONSIDERATION of this petition for review of a decision of the Board of Immigration Appeals ("BIA"), it is hereby ORDERED, ADJUDGED, AND DECREED that the petition for review is DENIED.

Petitioner De Sheng Tian, a native and citizen of the People's Republic of China, seeks review of the May 18, 2009, order of the BIA, which denied his motion to reopen. *In re De Sheng Tian*, No. A073 556 441 (B.I.A. May 18, 2009). We review the BIA's denial of a motion to reopen for abuse of discretion. *See Kaur v. BIA*, 413 F.3d 232, 233 (2d Cir. 2005). In doing so, we assume the parties' familiarity with the underlying facts and procedural history of the case.

Because the BIA issued its final order of removal in May 1996, it is undisputed that Tian's November 2008 motion to reopen was untimely. *See* 8 C.F.R. § 1003.2(c)(2). While there is no time limitation for motions to reopen "based on changed circumstances arising in the country of nationality or in the country to which deportation has been ordered, if such evidence is material and was not available and could not have been discovered or presented at the previous

2

hearing," 8 C.F.R. § 1003.2(c)(3)(ii), the BIA reasonably found that Tian did not qualify for such an exception. As the BIA noted, Tian's recent practice of Christianity and the birth of his U.S. citizen children constitute changed personal circumstances, not changed country conditions. *See Wei Guang Wang v. BIA*, 437 F.3d 270, 273-74 (2d Cir. 2006).

The BIA also reasonably found that Tian failed to demonstrate that the Chinese government's treatment of Christians in China had "changed for the worse in recent years." *See* 8 U.S.C. § 1229a(c)(7)(B); 8 C.F.R. § 1003.2(c)(1). Although Tian submitted a State Department 2005 Country Report to support his claim of changed country conditions, that report stated simply that the Chinese government's "respect for religious freedom *remained* poor." Certified Admin. Record at 121 (emphasis added).

Finally, we identify no error in the BIA's conclusion that Tian failed to demonstrate his eligibility for relief under the Convention Against Torture based on his illegal departure from China. *See Mu Xiang Lin v. U.S. Dep't of Justice*, 432 F.3d 156, 159-60 (2d Cir. 2005). The BIA's denial of Tian's untimely motion to reopen was therefore not

an abuse of discretion.[1]  *See* 8 C.F.R. § 1003.2(c)(3)(ii);

*see also Wei Guang Wang*, 437 F.3d at 273-74.

For the foregoing reasons, the petition for review is DENIED.  As we have completed our review, any stay of removal that the Court previously granted in this petition is VACATED, and any pending motion for a stay of removal in this petition is DISMISSED as moot.  Any pending request for oral argument in this petition is DENIED in accordance with Federal Rule of Appellate Procedure 34(a)(2), and Second Circuit Local Rule 34.1(b).

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk

---

[1] We do not reach Tian's argument that he established changed country conditions relating to China's treatment of "political dissidents."  That argument was not raised before the BIA and is therefore unexhausted.  *See Lin Zhong v. U.S. Dep't of Justice*, 480 F.3d 104, 119-20 (2d Cir. 2007).